IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANNA SHEA PAEHL, individually,
and as the natural parent of ASHLEE PAEHL
BLACKBURN, a minor, and RUSSELL
BLACKBURN, individually and as the natural
parent of ASHLEE PAEHL BLACKBURN,
a minor,

          Plaintiffs,

v.                                             CIV 03-097 KBM/LAM

LINCOLN COUNTY CARE CENTER, INC.
d/b/a RUIDOSO CARE CENTER,

          Defendant.

# <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiffs' Motion for Reconsideration under Rule 59 of Order Granting Partial Summary Judgment to Defendant *(Doc. 91)* as to the individual claims brought by Shanna Paehl and Russell Blackburn on the basis that the New Mexico Workers Compensation Act ("WCA"), N.M. STAT. ANN. §§ 52-1-1 *et seq.,* provides the exclusive remedy. Plaintiffs' claims brought on behalf of their daughter, Ashlee Blackburn, were unaffected by that March 26, 2004 decision.

Plaintiffs contend that I prematurely ruled on Defendant's motion for summary judgment thereby denying them the opportunity to fully respond in opposition to the motion. Although Plaintiffs maintain that I ruled on the summary judgment before the close of discovery, in their motion for reconsideration, Plaintiffs concede that discovery "closed on February 16" – almost six weeks before entry of my Order. *Doc. 108* at 1. Plaintiffs assert, however, that prior to the

discovery deadline, they uncovered evidence in depositions (which I will refer to as "new" evidence) that should preclude the entry of summary judgment. Plaintiffs did not bring that "new" evidence to the Court's attention, however. Instead, they argue that because "transcripts of depositions of fact witnesses were not available until on or about April 2, 2004," my March 26, 2004 ruling "has unfairly deprived them of their day in court." *Id.* at 2.

True, in Plaintiffs' December 17, 2003 response brief to Defendant's motion for summary judgment, they alerted me that the discovery period had not yet closed. Counsel further submitted a Rule 56(f) Affidavit outlining the discovery he intended to obtain by the end of the discovery period to oppose summary judgment. *See Doc. 48* at 26. Plaintiffs do not contend that the "new"[1] evidence was unknown to them by the close of discovery. Rather, they simply argue that the deposition testimony had not yet been compiled in a form required for submission by FED. R. CIV. P. 56.

On January 6, 2004 Defendant filed a "Notice of Completion" alerting the Court that the motion for summary judgment was ready for ruling. At that time I reviewed the motion and put it aside because the discovery period had not closed. Indeed, I waited almost six weeks after the close of discovery to see if Plaintiffs would either supplement their response to the summary judgment motion or file second Rule 56(f) affidavit asking for a delay in ruling. Instead, contending that Defendant had improperly brought in its reply brief a new argument in support of striking Plaintiff's sole exhibit in opposition, Plaintiffs filed only a request to file a surreply to

---

[1] Defendant RCC takes issue with Plaintiffs' characterization of this evidence as "new." Defendant RCC contends that all the identities of persons now giving this "new" evidence was known to Plaintiffs as of May 3, 2003 when the IPTR was filed. Indeed, as to the "new" testimony Plaintiffs seek to submit, their own April 7, 2003 Rule 26 initial disclosures listed all of the declarants except Mr. Bagwell.

specifically address that new argument.

On February 3, 2004, Defendant then chose not to rely only on its reply, and instead filed a formal motion to strike that same evidence – the Gaskell Affidavit. On March 19, 2004, Plaintiffs filed a "Notice of Completion" for their motion to file a surreply. *Doc. 78*. Also on that same day, Plaintiffs responded to the motion to strike and correctly argued that Gaskell's Affidavit was not obtained in violation of the rules of professional conduct. *See Doc. 79*. Even in those March 19th pleadings, *just one week prior to my ruling*, Plaintiffs continued to rely exclusively on the Gaskell Affidavit and in no way alerted me of any reason why it would be premature to rule on the motion for summary judgment.

Thus, it is clear is at no time prior to my March 26, 2004 Order did Plaintiffs inform me that "new" evidence had been actually found during discovery that could conceivably preclude summary judgment. Nor did Plaintiffs ask that I postpone ruling based upon such new evidence or alert me of a need to delay a ruling until the deposition transcripts had been prepared.[2] Finally,

---

[2]    Indeed, in the clerk's minutes of a status hearing held by Judge Martínez on March 8, 2004, the record reflects that

> the Court said Judge Molzen asked her to discuss the following with counsel: Judge Molzen is ready to rule on Defendant's motion for summary judgment but she needs two outstanding items. These are: (1) Plaintiffs' response to Defendant's motion to strike affidavit of Steve Gaskell; and (2) Plaintiffs' reply or notice of completion of briefing for Plaintiffs' motion for leave to file surreply on defendant's motion for summary judgment. Mr. Mroz said Defendant does not object to these filings and Mr. Barnett said he will make these filings.

*See Doc. 71* at 2. Evidently Mr. Barnett saw no need to advise me through Judge Martínez that more "newly discovered" evidence as to the applicability of the *Delgado* exception was forthcoming and that a decision on the motion should be delayed.

it appears that Plaintiffs did not seek to expedite transcription of the relevant testimony or to acquire that testimony in an alternative admissible form (i.e. affidavits).  Rather, Plaintiffs continued to depend solely on the Gaskell Affidavit as its evidence of disputed material facts.

A court should not be required on a motion for summary judgment to "divine" whether there is additional evidence not before it that will be available in the future.  Rather, it is counsel's obligation to contact the court in an expeditious manner of an intent to submit additional evidence not previously available in an admissible form.  Plaintiffs failed to meet this obligation.

Moreover, even if the Court were to consider Plaintiffs "new" evidence as set forth in the motion for reconsideration, my previous ruling would stand.  I denied the motion to strike the Gaskell Affidavit when I issued my decision on summary judgment, and therefore it received due consideration in my analysis.  The Gaskell Affidavit contained the essence of the "new" evidence sought to be considered.  Even looking at the "new" evidence and the affidavit in the light most favorable to Plaintiffs, the Court finds that Plaintiffs fail to submit sufficient evidence from which a reasonable person could conclude that the *Delgado* exception would apply.  The circumstances leading to injury are simply not comparable.  As Defendant points out,

> the "new" evidence does not show (a) J.R.'s admission was without cause, (b) RCC expected injury to occur or utterly disregarded any potential risks and (c) no one ordered Ms. Paehl to enter J.R.'s room nor was she ordered to approach J.R. in the manner that she did.

*Doc. 102* at 12.  Unlike the *Delgado* defendant, the undisputed CPI training for handling violent patients that was required for employees such as Ms. Paehl clearly demonstrates that RCC did not "utterly disregard the consequences" of admitting and caring for J.R.  To decide otherwise would permit the *Delgado* exception to completely swallow the long established rule acknowledging the

WCA as the exclusive remedy for injured employees.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration *(Doc. 91)* is

DENIED for the above stated reasons.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.