IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANNA SHEA PAEHL, individually,
and as the natural parent of ASHLEE PAEHL
BLACKBURN, a minor, and RUSSELL
BLACKBURN, individually and as the natural
parent of ASHLEE PAEHL BLACKBURN,
a minor,

        Plaintiffs,

v.                                    CIV 03-097 KBM/LAM

LINCOLN COUNTY CARE CENTER, INC.
d/b/a RUIDOSO CARE CENTER,

        Defendant.

# MEMORANDUM OPINION AND ORDER
# DENYING INTERVENTION

This matter is before the Court on the Application for Intervention *(Doc. 80)* filed by Colony Insurance Company ("Colony"). The Court has reviewed the motion and memoranda submitted by the parties and the relevant authorities. The Court finds the motion to be untimely and not well taken. It will be denied.

Colony issued a general commercial liability insurance policy to Defendant RCC effective December 1, 2001 through December 1, 2002. Plaintiffs filed this lawsuit seeking damages arising out of a February 22, 2002 incident when Plaintiff Shanna Paehl was engaged in work on behalf of her employer RCC. While attempting to calm a resident at RCC, Ms. Paehl was kicked in the stomach by the resident. Five days later Ms. Paehl gave birth to Ashlee, approximately three months premature. Plaintiffs' Complaint requested damages for Ms. Paehl, for Ashley's

father Russell Blackburn and for Ashlee in three claims: negligence, intentional infliction of emotional distress and punitive damages. I recently ruled that all claims brought by Ms. Paehl and Mr. Blackburn are barred by the Workers Compensation Act and just yesterday denied reconsideration of that decision. Only Ashlee's claims have survived.

By February 2003, just after the filing of this suit, Colony was provided with notice of the claims and denied that the claims were covered under the Commercial Liability Policy. Colony's denial was apparently based upon the policy terms purporting to exclude workers' compensation claims and employer liability claims. According to Colony,

> On September 2, 2003, Colony received additional information from RCC it felt was necessary to assess its initial decision regarding coverage. Once that information was evaluated, Colony tendered an offer to defend under reservation of rights. . . . [T]he sole issue raised by Colony is whether the injury to Ashlee Paehl (hereinafter "Minor Child") *i.e.* her premature birth, was proximately caused, either directly or consequentially, by the assault of a resident on Employee while she was working at RCC. The question regarding the mechanism of injury to the Minor Child (and resulting liability among the insurance carriers for RCC) is simply a proximate cause question which can and should be resolved in the underlying cause of action.

*Doc. 103* at 1-2. Colony does not expand on the specifics of the information which led it to reassess its initial denial of coverage.

Under Tenth Circuit law, the timeliness of a motion to intervene must be viewed "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001). Having considered all of these factors, I am unpersuaded that intervention should be permitted.

2

Colony admittedly knew of Plaintiffs' allegations and of its duties under its general liability policy more than a year before seeking to intervene. In essence, Colony contends that "the complexion of this case" changed when it realized that Ashlee's individual claims might not be barred by the WCA. *See Doc. 103* at 5-6. Upon that realization, Colony changed its position and then offered to defend RCC under a reservation of rights.

But there was no change in the allegations set forth in the complaint. Nor was there any change in Colony's obligations under the liability policy. Rather, the "change" was one of comprehension. Evidently when RCC filed its motion for summary judgment, someone at Colony re-read those same allegations of the complaint and more carefully examined its potential liability as to the separate claims of the child. Colony acknowledges that only "when its 'possible interest in the case' was identified," did Colony tender a defense under reservation of rights. Thus, it appears that the "change" in the case was not one of unusual circumstance, it was one of revelation.

The parties have conducted their discovery, and I have ruled on the motion for summary judgment. In their response briefs, both Plaintiffs and Defendant urge denial of the motion to intervene for several reasons. The parties are ready to proceed to mediation before Judge Mártinez and then to trial if unable to reach a negotiated resolution. They worry that Colony's attempt to interpose coverage issues may be met with corresponding bad faith claims by both Defendant and Plaintiffs and that the potential added parties on those claims could destroy diversity jurisdiction or require the reopening of discovery. In short, I agree with them that the potential delay accompanying intervention would be extremely prejudicial to the parties.

Moreover, the proposed intervenor shares similar interest with those who are already

involved in this litigation. RCC will be vigorously arguing that the kick did not proximately cause Ashlee's injuries. Indeed, Colony agrees that "the goal of both the insurers (Colony and RCC's Workers Compensation carrier) and the insured are similar; to establish that the insured did not breach the standard of practice and that any breach in that standard did not proximately result in injury to the Minor Child." *Doc. 103* at 11.

Colony maintains that the possibility of divergent interests does not assure adequate representation in this matter. I am at a loss to understand what Colony perceives as a potential "divergent" interest. Also, to the extent that Colony wants to argue whether any proximately caused injury to Ashlee was "direct or consequential," I don't see how their ability to bring those arguments in a separate case would be compromised. Thus, I am not persuaded that the proposed intervenor will be prejudiced by denial of the application.[1]

For all of the above reasons and those set forth in the response briefs, intervention will be denied as untimely.

Wherefore,

**IT IS HEREBY ORDERED** that Colony's Application for Intervention *(Doc. 80)* is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.

---

[1] Colony contends that unless permitted to intervene, it will be unable to participate in settlement discussions. I would note that on more than one occasion, with the agreement of the parties, I have allowed participation of interested non-parties in settlement conferences. In those cases, the participants sought the court's assistance in obtaining a negotiated resolution of all issues arising out of an incident.